IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAFAEL V. TANGUMA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:03-CV-0367-L |
| | § | |
| JO ANNE B. BARNHART, Commissioner | § | |
| of the Social Security Administration, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Motion for Amendment of Judgment under Rule 59 of Federal Rules of Civil Procedure, filed February 27, 2006. Having reviewed the motion, the record and applicable law, the court **denies** Plaintiff's motion.

**I.   Background**

Plaintiff seeks amendment of the court's judgment dated February 15, 2006, in which the court affirmed the Commissioner's decision denying Plaintiff disability benefits and dismissed this social security appeal with prejudice.

**II.   Applicable Standard**

Pursuant to Fed. R. Civ. P. 59, "[m]otions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citations omitted). Such motions may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). A Rule 59 motion may not be used to relitigate old matters, raise arguments, or present evidence that could have been raised

prior to entry of judgment. *See generally* 11 C. WRIGHT, A. MILLER & M. KANE § 2810.1 at 127-28 (2d ed. 1995); *see also Simon*, 891 F.2d at 1159.  With respect to newly discovered evidence, a court may not grant such a motion unless the movant establishes: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the alleged facts are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Resources, Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003).  District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995).  In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id*.  With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

**III.    Analysis**

Plaintiff argues that the court should amend its judgment to correct three instances of plain error, namely: (1) that the ALJ used the wrong rule in the medical vocational guidelines to decide the case; (2) that the court erred in accepting the magistrate judge's finding that 900 airline security positions and 1000 positions as a distributor of advertising materials constitutes work in significant numbers, since the court relied on an inapposite case; and (3) that the court erred in ruling that Plaintiff had not objected to the magistrate judge's finding that there was no conflict between the vocational expert's testimony and the Dictionary of Occupational Titles ("DOT").  For the reasons stated below, the court determines that these arguments are without merit.

The court determines that Plaintiff's first point of error should be rejected. Plaintiff contends that the court should amend its judgment since the ALJ used the wrong rule in the medical vocational guidelines to decide the case. This is the first time Plaintiff has raised this argument, and it is therefore waived. A novel argument raised for the first time in a Rule 59(e) motion pertaining to an alleged error by the ALJ cannot form the basis for an amendment of the court's judgment. Accordingly, the court rejects Plaintiff's first argument.

The court determines that Plaintiff's second point of error also lacks merit. Plaintiff argues that the court should amend its judgment because the court erred in accepting the magistrate judge's finding that 900 airline security positions and 1000 positions as a distributor of advertising materials constitutes work in significant numbers. As the point of error, Plaintiff asserts that the district court cited a case wherein the court found that 3750 machine tender jobs was significant, which number is much higher than the number of jobs in this case. While Plaintiff is correct that the court cited to *Hollan v. Apfel*, 2001 WL 180151, at *8 and n.7 (N.D. Tex. Feb. 20, 2001) (Sanders, J.), Plaintiff neglects to mention that the court cited to *Hollan*, as well as to "cases cited therein." *See* Mem. Op. & Order at 11-12 n.2. In the cases upon which Judge Sanders relies, courts found that jobs in numbers far lower than 900 constituted a significant number of jobs. *See Hollan*, 2001 WL 180151, at *8 n.7. More importantly, this court determined that it did not even need to reach this issue, as it was an alternative holding of the magistrate judge. *See* Mem. Op. & Order at 11 n.2 ("To the extent the court need even consider Tanguma's objections to the magistrate judge's alternative holding, the court overrules these objections."). Accordingly, the court rejects Plaintiff's second argument.

Finally, the court determines that Plaintiff's third point of error is similarly without merit. Plaintiff asserts that the court erroneously determined that Plaintiff had not objected to the magistrate judge's finding that there was no conflict between the vocational expert's testimony and the DOT. According to Plaintiff, his objection was "obvious[.]" *See* Mot. at 4. Having once again reviewed Plaintiff's objection, the court determines that at no point does Plaintiff object to this point. Even assuming he had, the court would have overruled this objection, since the court agrees with the magistrate judge that Plaintiff failed to demonstrate any open and obvious conflict between the vocational expert's testimony and the DOT's description of the relevant jobs. To reiterate, the magistrate judge rejected Plaintiff's argument that the ALJ failed to apply the proper legal standard when he did not ask the vocational expert to explain any conflicts between the expert's testimony that he could perform the jobs of airline security, flagger, and locker room attendant (even though he was illiterate) and the requirements for these positions in the DOT, namely, that they all require an ability to read. The magistrate judge found that there was no conflict under the circumstances, since the ALJ limited the expert to only those jobs which did not require reading ability. Report at 12-13. Having reviewed the hearing testimony, the court agrees with the magistrate judge. Moreover, the Fifth Circuit has cautioned against allowing a claimant to scan the record for implied or unexplained conflicts between expert witness testimony and the voluminous provisions of the DOT, and then present the conflict as reversible error when the conflict was not considered sufficient to merit adversarial testing during the administrative hearing. *See Carey v. Apfel*, 230 F.3d 131, 146 (5th Cir. 2000).[*]

---

[*] In addition, in *Carey*, the court ruled that neither the DOT nor the vocational expert evidence is *per se* controlling, and when faced with a conflict between the expert and the DOT, the ALJ may rely upon the vocational expert's testimony provided the record reflects an adequate basis to do so. *Carey*, 230 F.3d at 146-47. In this case, assuming *arguendo* that a conflict arose, the record reflects that the ALJ had an adequate

**Memorandum Opinion and Order – Page 4**

## IV.     Conclusion

For the reasons herein stated, the court **denies** Plaintiff's Motion for Amendment of Judgment under Rule 59 of Federal Rules of Civil Procedure.

**It is so ordered** this 2nd day of March, 2006.

Sam A. Lindsay
United States District Judge

---

basis for relying on the expert.

**Memorandum Opinion and Order – Page 5**